IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHAEL TILLMAN                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO.  2:07cv170 KS-MTP

SOUTHERN WOOD PRESERVING
OF HATTIESBURG, INC.                                                                DEFENDANT

ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERTS

THIS MATTER is before the court on a Motion to Strike Plaintiff's Designation of

Experts [14], filed by defendant Southern Wood Preserving of Hattiesburg, Inc.  Having

considered the motion, the response[1] and applicable law, for the reasons set forth below, the court

finds that the motion is well-taken and should be GRANTED.

Factual Background

Plaintiff filed this lawsuit on August 20, 2007, alleging that he had been discriminated

and retaliated against by defendant, his former employer, in violation of Title VII of the Civil

Rights Act of 1964.  Pursuant to the Case Management Order dated March 19, 2008 [10],

plaintiff's expert witness designation was due on or before July 1, 2008, and defendant's expert

witness designation was due on or before August 1, 2008.

On June 30, 2008, the day before his expert designation deadline, plaintiff served his

designation [14-2] in which he designated his five treating physicians as expert witnesses.  This

designation contains only the physicians' names and places of work; it does not attach any expert

---

[1]  The court notes that plaintiff's response [18] to the motion to strike was not timely filed.
For this reason alone, pursuant to Uniform Local Rule 7.2(C)(2), this court may grant the motion to
strike as unopposed.  More importantly, however, as discussed below, plaintiff's expert disclosure
is clearly insufficient under the applicable rules and, therefore, the motion to strike should be granted
for that reason as well.

reports, nor does it provide any information regarding the opinions to be expressed by the

physicians.  Plaintiff states in the designation that he "anticipates that his medical records will

serve herein as the report of his treating physicians and/or healthcare providers."  No medical

records are attached to the designation.  According to defendant, no medical records have been

produced by plaintiff during this litigation, nor were they identified in plaintiff's initial

disclosures.

Defendant filed the instant motion to strike on August 1, 2008, arguing that plaintiff's

expert designation violates Fed. R. Civ. P. 26(a)(2) and Uniform Local Rule 26.1(2).[2]

Analysis

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that an expert witness

disclosure "must be accompanied by a written report - prepared and signed by the witness" and

must contain: (i) a complete statement of all opinions the witness will express and the basis and

reasons for them; (ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them; (iv) the witness's

qualifications, including a list of all publications authored in the previous 10 years; (v) a list of

all other cases in which, during the previous four years, the witness testified as an expert at trial

or by deposition; and (v) a statement of the compensation to be paid for the study and testimony

in the case.  Uniform Local Rule 26.1(A)(2)(d) provides that with respect to treating physicians, a

party is "only required to provide the facts known and opinions held by the treating physician(s)

and a summary of the grounds therefor."  As plaintiff's expert designation merely lists plaintiff's

---

[2] Defendant has attempted to confer in good faith  with plaintiff's attorney regarding this issue, as required by Uniform Local Rule 37.1(A), but has received no response.  *See* [14] and [14-3].

treating physicians and their places of work, and contains no information regarding the

physicians' opinions, it is clearly deficient under these rules.

With respect to the lack of an expert report, it is true that because it can be difficult to

obtain an expert report from some physicians, the court *may* allow a treating physician's office

records to be submitted in lieu of a written and signed expert report.  *See Francois v. Colonial*

*Freight Sys., Inc.*, 2007 WL 4564866, at * 5 (S.D. Miss. Dec. 21, 2007).  Here, plaintiff merely

states in his expert designation that he "anticipates that his medical records will serve herein as

the report of his treating physicians and/or healthcare providers."  However, no medical records

are attached to the designation.  Moreover, according to defendant, no medical records have been

produced by plaintiff during this litigation, nor were they identified in plaintiff's initial

disclosures.  Plaintiff argues in response to the motion to strike that because defendant did not

seek any discovery relating to plaintiff's medical records, it "should not be rewarded for its lack

of diligence by being given extra time to obtain basic discovery evidence for which it found no

necessity to request."  Plaintiff's attempt to shift the blame for his failure to comply with the

disclosure rules to defendant is unavailing.[3]

"An attempt to designate an expert without providing full disclosure information as

required by this rule will not be considered a timely expert designation and may be stricken upon

proper motion or sua sponte by the court."  Uniform Local Rule 26.1(A)(2)(b).  As discussed

above, plaintiff's expert designation is clearly deficient.  Accordingly, defendant's motion to

---

[3] Even assuming *arguendo* that plaintiff has executed a release allowing defendant to obtain his medical records directly from his treating physicians, this does not obviate plaintiff's duty under the rules to provide the necessary expert disclosures.  *See Francois*, 2007 WL 4564866, at * 6.

strike should be granted and plaintiff's designation of experts should be stricken.[4]

      IT IS, THEREFORE, ORDERED and ADJUDGED that the Motion to Strike Plaintiff's

Designation of Experts [14] is granted.

      SO ORDERED on this the 27th day of August, 2008.

                      s/ Michael T. Parker
                      United States Magistrate Judge

---

[4] Generally, less drastic measures may be appropriate.  However, given that the plaintiff seems unwilling to comply with the rules regarding expert disclosure despite the pending motion to strike, the court is left with little choice.